■ In the Matter of ARTHUR SAKS et al., Appellants, v CARMINE PETOSA et al., Respondents.—In a hybrid proceeding pursuant to CPLR article 78, *inter alia,* to review a determination of the New York City Department of Real Property, Department of General Services, dated April 11, 1988, granting Carmine Petosa's application to lease certain real property owned by the City of New York and to compel the City to enforce certain provisions of its zoning resolution, and an action for a judgment declaring, *inter alia,* that the lease is "illegal", the petitioners appeal from an order and judgment (one paper) of the Supreme Court, Richmond County (Sangiorgio, J.), dated November 8, 1989, which dismissed the proceeding and action.

Ordered that the appeal from so much of the order and

judgment as dismissed the declaratory judgment action is dismissed as academic; and it is further,

Ordered that the order and judgment is otherwise affirmed insofar as reviewed; and it is further,

Ordered that the respondents appearing separately and filing separate briefs are awarded one bill of costs.

The petitioners do not have standing to maintain the cause of action alleging public nuisance. A claim for damages arising from a public nuisance which interferes with or causes damage to the public in the exercise of rights common to all, cannot be maintained by a private individual absent special damages (see, Copart Indus. v Consolidated Edison Co., 41 NY2d 564, 568; Queens County Bus. Alliance v New York Racing Assn., 98 AD2d 743). The petitioners have failed to allege an injury different from that suffered by other residents in their community.

Regardless of whether erection of a fence by the respondents Petosas is in violation of the New York City Zoning Resolution, the decision to enforce that resolution rests in the discretion of public officials charged with enforcement and is not a proper subject for relief in the nature of mandamus to compel (see, Matter of Young v Town of Huntington, 121 AD2d 641; Matter of Fried v Fox, 49 AD2d 877).

We note that the month-to-month tenancy between Carmine Petosa and the City of New York was terminated pursuant to the City's service of a 30-day notice upon Carmine Petosa during the pendency of this appeal. Accordingly, the petitioners' claim as to the legality of the lease is academic. Balletta, J. P., Rosenblatt, Miller and Pizzuto, JJ., concur.