■ LINDA METCALFE, Respondent, v TOWN OF ISLIP, Appellant, and COUNTY OF SUFFOLK DEPARTMENT OF HEALTH SERVICES et al., Defendants. [640 NYS2d 150]

The plaintiff owns property in the defendant Town of Islip. In or about 1988, the owner of an abutting parcel, the defendant Richard Ludwig, commenced construction of a home on his property. Both during and after the construction was completed, the plaintiff experienced flooding on her property. Alleging that the flooding was caused by the construction on Ludwig's property, the plaintiff commenced this action against the Town and others. The plaintiff argued that the Town was liable for damages arising from the flooding because the Town, *inter alia*, failed to enforce certain of its building code provisions when issuing permits for and approving the construction

by Ludwig. However, it is well settled that, "[a]bsent a special relationship creating a municipal duty to exercise care for the benefit of a particular class of individuals, no liability may be imposed upon a municipality for failure to enforce a statute or regulation" (*Sanchez v Village of Liberty,* 42 NY2d 876, 877-878; *see generally,* Annotation, *Municipal Liability for Negligent Performance of Building Inspector's Duties,* 24 ALR 5th 200; Borth, *Municipal Tort Liability for Erroneous Issuance of Building Permits—A National Survey,* 58 Wash L Rev 537 [1983]; *see also, Cuffy v City of New York,* 69 NY2d 255; *O'Connor v City of New York,* 58 NY2d 184). Here, the plaintiff has failed to raise a triable issue of fact that a special relationship was created by either the alleged violations of the code provisions or any acts or representations by the Town (*see, e.g., Bihn v Munch,* 200 AD2d 700; *Miller v Morania Oil,* 194 AD2d 770; *Appleby v Webb,* 186 AD2d 1078). Accordingly, the Town's motion for summary judgment should have been granted. Rosenblatt, J. P., Ritter, Copertino and Goldstein, JJ., concur.