■ KENNETH L. PEARLMAN et al., Appellants, v ROGER SIMONS et al., Respondents. [714 NYS2d 767] —In an action, inter alia, to recover damages for nuisance, the plaintiffs appeal from an order of the Supreme Court, Westchester County (Cowhey, J.), entered September 3, 1999, which (1) denied their motion for a preliminary injunction, (2) granted that branch of the motion of the defendants Roger Simons, as president of the Board of Managers of the Downingwood Condominium, Sal

Martorano, as managing agent and grounds supervisor of the Downingwood Condominium, and the Downingwood Condominium, which was to dismiss the complaint insofar as asserted against them for failure to state a cause of action, and (3) granted the motion of the defendant Village of Irvington for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.

The plaintiffs, residents of the Village of Irvington, commenced the instant action alleging that the maintenance operations of the Downingwood Condominium constituted a public and private nuisance, and that the Village of Irvington was liable for its failure to enforce its zoning code.

The plaintiffs have not stated a cognizable claim sounding in private nuisance against the defendants Roger Simons, Sal Martorano, and Downingwood Condominium (hereinafter the condominium defendants). The alleged maintenance operations do not, as a matter of law, rise to the level of a substantial and unreasonable interference with the plaintiffs' use and enjoyment of the property so as to constitute a private nuisance (*see, Adams v Berkowitz*, 212 AD2d 557; *Lewis v Stiles*, 158 AD2d 589, 590; *see also, Kolodziej v Martin*, 249 AD2d 941).

Moreover, the plaintiffs have not stated a cognizable claim sounding in public nuisance against the condominium defendants. It is well settled that a claim for damages which arises from a public nuisance cannot be maintained by a private individual absent special damages (*see, Copart Indus. v Consolidated Edison Co.*, 41 NY2d 564, 568; *Matter of Saks v Petosa*, 184 AD2d 512, 513; *Queens County Bus. Alliance v New York Racing Assn.*, 98 AD2d 743, 744). "[T]he harm suffered must be 'of a different kind from that suffered by other persons exercising the same public right'" (*Burns Jackson Miller Summit & Spitzer v Lindner*, 59 NY2d 314, 334, quoting Restatement [Second] of Torts § 821C, comment *b*). Since the plaintiffs do not allege any injury separate and distinct from the injury which would be suffered by the public at large, their cause of action alleging a public nuisance was properly dismissed (*see, Matter of Saks v Petosa, supra*, at 513; *Queens County Bus. Alliance v New York Racing Assn., supra*, at 744).

Contrary to the plaintiffs' contentions, the Supreme Court properly dismissed the complaint insofar as asserted against the Village of Irvington. The law is well settled that "[a]bsent a special relationship creating a municipal duty to exercise care

for the benefit of a particular class of individuals, no liability may be imposed upon a municipality for failure to enforce a statute or regulation" (*Sanchez v Village of Liberty,* 42 NY2d 876, 877-878; *see, Metcalfe v Town of Islip,* 225 AD2d 744). The plaintiffs failed to raise a triable issue of fact that a special relationship had been created (*see, Metcalfe v Town of Islip, supra,* 225 AD2d, at 745). Accordingly, the motion of the Village was properly granted. Altman, J. P., Friedmann, Krausman and Smith, JJ., concur.