■ DANIEL MAGUIRE et al., Appellants, v HUDSON NATIONAL GOLF CLUB, INC., et al., Respondents. [784 NYS2d 648]—

In an action, inter alia, to recover for damage to property, the plaintiffs appeal from so much of an order of the Supreme Court, Westchester County (Donovan, J.), dated June 25, 2003, as granted that branch of the motion of the defendant Village of Croton-on-Hudson which was for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

Contrary to the plaintiffs' contention, the Supreme Court properly dismissed the complaint insofar as asserted against the Village of Croton-on-Hudson. "Absent a special relationship creating a municipal duty to exercise care for the benefit of a particular class of individuals, no liability may be imposed upon a municipality for failure to enforce a statute or regulation" (*Sanchez v Village of Liberty*, 42 NY2d 876, 877-878 [1977]; *see Metcalfe v Town of Islip*, 225 AD2d 744, 745 [1996]). After the Village made out a prima facie case for summary judgment, the plaintiffs failed to raise a triable issue of fact that a special relationship had been created between them and the Village, either by alleged violations of the Village of Croton-on-Hudson Zoning Code or by any acts or representations of the Village (*see Metcalfe v Town of Islip, supra* at 745). Accordingly, the Village's motion was properly granted.

The plaintiffs' remaining contentions are without merit. Smith, J.P., Adams, Crane and Skelos, JJ., concur.