■ STEVEN J. HOOVER et al., Respondents, v GERALD DURKEE et al., Appellants. [622 NYS2d 348] —Peters, J. Appeal from an order and judgment of the Supreme Court (Lomanto, J.),

---

2. The record reveals that the measurements made by the Shultises were often inaccurate.

entered November 19, 1993 in Washington County, upon a decision of the court in favor of plaintiffs.

The instant action concerns an automobile racetrack built by defendants in the Town of Argyle, Washington County. In April 1990, races were conducted at the site and, by June 1990, plaintiffs sought to permanently enjoin the operation of the raceway. An order to show cause granted plaintiffs a temporary restraining order prohibiting operation of the racetrack pending determination of an accompanying motion for a preliminary injunction. Such injunction was thereafter granted by Supreme Court and, upon subsequent motion by defendants, Supreme Court allowed one full racing session for the measurement of sound levels. A trial was subsequently held after which it was found that the racetrack created a public nuisance. A permanent injunction was thereafter issued and defendants appeal.

Supreme Court found that the cumulative effect from the operation of the racetrack constituted a public nuisance. A public nuisance has been defined as "conduct or omissions which * * * endanger or injure the property, health, safety or comfort of a considerable number of persons" *(Copart Indus. v Consolidated Edison Co.,* 41 NY2d 564, 568), and is actionable by a governmental agency *(supra)* or by private persons if it is shown that they suffered injury beyond that suffered by the community at large *(see, Leo v General Elec. Co.,* 145 AD2d 291, 294). Noise and other disturbances of the peace in a neighborhood have been found to be a public nuisance *(see, People v Rubenfeld,* 254 NY 245; *State of New York v Waterloo Stock Car Raceway,* 96 Misc 2d 350; *Town of Mount Pleasant v Van Tassell,* 7 Misc 2d 643, *affd* 6 AD2d 880). In so finding, courts have opined that "so many are touched by the offense and in ways so indiscriminate and general that the multiplied annoyance may not unreasonably be classified as a wrong to the community" *(People v Rubenfeld, supra,* at 247) or, alternatively, that the aggravation of private injuries was so extensive that it constituted a public annoyance *(see, supra).* Whether a nuisance exists, however, depends upon the facts and circumstances in each case *(see,* 81 NY Jur 2d, Nuisances, § 14, at 327-329).

Our review of the record supports Supreme Court's conclusion that a public nuisance has been established by clear evidence *(see, State of New York v Waterloo Stock Car Raceway, supra)* and that Supreme Court correctly determined that plaintiffs herein have standing to institute this action based

upon their showing of special damages *(see, Ackerman v True,* 175 NY 353; *Graceland Corp. v Consolidated Laundries Corp.,* 7 AD2d 89, *affd* 6 NY2d 900; *see, State of New York v Waterloo Stock Car Raceway, supra).*

By all accounts, this racetrack is located in a tranquil rural community. Numerous residents surrounding the racetrack testified at the hearings on the preliminary injunction that the noise generated thereby drowned out all other sounds, prevented conversation outside the home or on the telephone and was inescapable even when inside their homes with the windows closed. It was most commonly described as a constant roar like jets taking off or flying overhead. While some of these witnesses lived in the immediate vicinity of the racetrack, such testimony was mirrored by those living from one-half mile to five miles away. Noting the contrary testimony from witnesses for defendants, Supreme Court concluded that many of these witnesses had either a financial interest in keeping the racetrack open or were friends of defendants. Moreover, Supreme Court aptly noted that many of these witnesses lived in areas where the noise was deflected due to barriers such as hills and heavily treed areas. The evidence further revealed a noticeable increase in traffic on those days that the racetrack was operating and that the public announcement system could be heard not only in the immediate vicinity but also within a significant distance.

"To be free of these conditions is a right which the neighborhood possesses at large, and not one which one man or a few men covet to themselves. It is an affront to and invasion of the community in the enjoyment of its common rights" *(State of New York v Waterloo Stock Car Raceway, supra,* at 357). While this Court in a nonjury trial is not limited to determining the credible evidence but may, where it is apparent from the evidence that a finding different from that of the trial court is not unreasonable, weigh the relative probative force of conflicting inferences to be drawn and grant judgment as is determined to be correct, deference will still be given to the trial court's assessment of credibility issues *(see, Brooker v State of New York,* 206 AD2d 712; *Niles v State of New York,* 201 AD2d 774). Our review of the testimony supports Supreme Court's determination that: "the nature of the nuisance was so pervasive and widespread that it could not but affect all the members of the community within its path, or 'that it causes substantial annoyance and discomfort indiscriminately to many and divers persons who are continually or may from time to time be in the vicinity.' " *(Town of Mount Pleasant v*

*Van Tassell,* 7 Misc 2d 643, 645.) As noted by the court in *State of New York v Waterloo Stock Car Raceway (supra),* while the operation of the racetrack might in fact be a lawful use, its use under the present circumstances constitutes a public nuisance.

Defendants contend that had Supreme Court accepted the scientific measurement of the noise levels generated after the issuance of the preliminary injunction, no finding of public nuisance would be sustainable. We find that Supreme Court properly refused to consider such test results. Acknowledging that the admissibility of such test results or experiments into evidence are within the broad discretion of the trial court *(see, Schafer v Standard Ry. Fusee Corp.,* 200 AD2d 564; *Goldner v Kemper Ins. Co.,* 152 AD2d 936, *lv denied* 75 NY2d 704), such results would only be admissible so long as the conditions under which the test or experiment was conducted were sufficiently similar to those existing at the time in issue to make the results achieved relevant at trial *(see, Goldner v Kemper Ins. Co., supra; Weinstein v Daman,* 132 AD2d 547, *appeal dismissed* 70 NY2d 872, 951). In light of the testimony of plaintiffs' expert witness regarding defendants' adherence to the parameters of the test, the difference in noise levels generated on that particular racing session as compared to all others and the admissions of defendants that the races conducted on such date were not in all respects the same, we find that the test results were not conducted under sufficiently similar conditions to render them relevant. Hence, we conclude that the noise generated by the racetrack constituted a public nuisance and that Supreme Court's rejection of testimony proffered on behalf of defendants indicating otherwise was in all respects proper.

As to the granting of the permanent injunction, it is well settled that irreparable injury and inadequacy of a legal remedy must be shown *(see, Stanklus v County of Montgomery,* 86 AD2d 908, 909, *appeal dismissed* 60 NY2d 701). Defendants contend that Supreme Court erred in granting such injunction without engaging in the requisite analysis or sufficiently balancing the interests of the parties. We find the balancing of interests detailed in *Boomer v Atlantic Cement Co.* (26 NY2d 219) inapplicable in the context of this public nuisance. Supreme Court properly concluded that there was irreparable injury to plaintiffs, their property and the community at large. Further, finding that defendants had improperly altered the conditions of the race during the sound test to influence the test, coupled with evidence indicating that defendants had

not abided by the terms of the preliminary injunction, Supreme Court properly concluded that any conditions placed upon the raceway would be difficult to enforce and that an injunction was the only remedy which would ensure cessation of the nuisance.

Having considered all other contentions raised by defendants and finding them to be without merit, we affirm the order and judgment of Supreme Court in its entirety.

Cardona, P. J., White and Casey, JJ., concur. Ordered that the order and judgment is affirmed, with costs.