■ CONCERNED CITIZENS OF CEDAR HEIGHTS-WOODCHUCK HILL ROAD, by Their Officers and Members, et al., Appellants, v DEWITT FISH AND GAME CLUB, INC., Respondent. [755 NYS2d 192] —Appeal from an order of Supreme Court, Onondaga County (Major, J.), dated April 5, 2001, which granted defendant's motion for summary judgment dismissing the complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed with costs.

Memorandum: Plaintiffs commenced this action seeking judgment permanently enjoining defendant from using its property as a shooting range. The first cause of action alleges that defendant's shooting range constitutes a private nuisance and the second and third causes of action allege that it constitutes a public nuisance by virtue of the impulse noise associated with the discharge of firearms. The fourth cause of action alleges that defendant's shooting range constitutes a public and private nuisance as the result of the discharge of lead shot into the air and land. Supreme Court properly granted defendant's motion for summary judgment dismissing the complaint. Defendant submitted proof that, at the time of the commencement of the action, it was in compliance with the noise control ordinance of the Town of DeWitt, and plaintiffs failed to raise a triable issue of fact. Thus, the court properly granted defendant's motion insofar as it sought summary judgment dismissing the first three causes of action pursuant to General Business Law § 150 (1). In addition, plaintiffs failed to show that

the use of defendant's property as a shooting range substantially and unreasonably interferes with the use of their property (*see Kolodziej v Martin*, 249 AD2d 941, 942, *lv dismissed* 92 NY2d 919; *Christenson v Gutman*, 249 AD2d 805, 807-808; *see also Adams v Berkowitz*, 212 AD2d 557, 558, *lv dismissed* 86 NY2d 778). Thus, the court properly granted defendant's motion insofar as it sought summary judgment dismissing the first cause of action and that part of the fourth cause of action alleging private nuisance. Finally, plaintiffs "have failed to allege an injury different from that suffered by other residents in their community" arising from the use of defendant's property as a shooting range, and thus the court properly granted defendant's motion insofar as it sought summary judgment dismissing the second and third causes of action and that part of the fourth cause of action alleging public nuisance (*Matter of Saks v Petosa*, 184 AD2d 512, 513; *see 532 Madison Ave. Gourmet Foods v Finlandia Ctr.*, 96 NY2d 280, 293-294). Present—Green, J.P., Pine, Hurlbutt, Kehoe and Hayes, JJ.