OWEN BOOTH et al., Appellants, v HANSON AGGREGATES NEW YORK, INC., Respondent. [791 NYS2d 766]—

Appeal from an order of the Supreme Court, Monroe County (Andrew V. Siracuse, J.), entered December 17, 2003. The order, insofar as appealed from, denied plaintiffs' motion for leave to amend the complaint in part, granted defendant's cross motion for partial summary judgment in part, and denied plaintiffs' cross motion for partial summary judgment on liability and to compel production of certain documents.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by denying those parts of defendant's cross motion with respect to the second cause of action and plaintiff Suzanne Lafler and reinstating that cause of action and the complaint with respect to that plaintiff and as modified the order is affirmed without costs.

Memorandum: Plaintiffs are residents and/or owners of 19 different properties near a quarry operated by defendant, and commenced this action seeking monetary damages and injunctive relief after their wells went dry. Plaintiffs allege that

defendant's operation of the quarry has lowered the water table. Plaintiffs moved for leave to serve an amended complaint. By their proposed amended complaint, plaintiffs alleged causes of action for negligence, trespass, public nuisance, and private nuisance. Defendant cross-moved for partial summary judgment, and plaintiffs cross-moved for partial summary judgment on liability with respect to certain plaintiffs and to compel defendant to produce documents it obtained through Freedom of Information Law requests. Supreme Court granted the motion in part, granted defendant's cross motion in part, and denied plaintiffs' cross motion in its entirety. Plaintiffs now appeal.

We agree with plaintiffs that the court erred in granting that part of defendant's cross motion that sought summary judgment dismissing their cause of action for public nuisance, and we thus modify the order by reinstating that cause of action. "A public nuisance is actionable by a private person only if it is shown that the person suffered special injury beyond that suffered by the community at large" (*532 Madison Ave. Gourmet Foods v Finlandia Ctr.*, 96 NY2d 280, 292 [2001]). Thus, "where the claimed injury is 'common to the entire community,' a private right of action is barred" (*Wheeler v Lebanon Val. Auto Racing Corp.*, 303 AD2d 791, 793 [2003], *lv denied* 100 NY2d 507 [2003]; *see Concerned Citizens of Cedar Heights-Woodchuck Hill Rd. v DeWitt Fish & Game Club*, 302 AD2d 938, 939 [2003], *lv denied* 100 NY2d 502 [2003]). The claimed injury must be different in kind from the entire community, not simply different in degree (*see 532 Madison Ave. Gourmet Foods*, 96 NY2d at 293-294). Here, plaintiffs own wells on their properties and have alleged an injury that is different in kind from property owners in the community who have a public supply of water. Plaintiffs allege that, due to defendant's conduct, they have sustained a loss of their water supply that is not suffered by everyone in the community. We further agree with plaintiffs that the court erred in granting that part of defendant's cross motion that sought summary judgment dismissing the complaint with respect to plaintiff Suzanne Lafler and thus further modify the order by reinstating the complaint with respect to her. Although her well never went dry, Lafler seeks damages for the decrease in the value of her property because of defendant's alleged conduct in lowering the water table.

We reject the contention of plaintiffs that the court erred in dismissing their claim for punitive damages. " 'Punitive damages are warranted where the conduct of the party being held liable evidences a high degree of moral culpability or where the conduct is so flagrant as to transcend mere carelessness, or

where the conduct constitutes willful or wanton negligence or recklessness' " (*Hale v Odd Fellow & Rebekah Health Care Facility*, 302 AD2d 948, 949 [2003] [citations omitted]). Defendant established as a matter of law that its conduct did not warrant the imposition of punitive damages, and plaintiffs failed to raise a triable issue of fact. Plaintiffs base their claim for punitive damages on the theory that defendant's continued operation of the quarry after concerns were raised that its operation was causing plaintiffs' wells to run dry was wanton and reckless. In response to those concerns, defendant hired a consultant to conduct an extensive study, which concluded that defendant's activities for the most part did not have a negative effect on neighboring wells. Thereafter, the New York State Department of Environmental Conservation (DEC) issued defendant a renewed permit to continue its mining operations. Although plaintiffs' expert disputes the conclusions of that study, it cannot be said that the conduct of defendant in continuing its operation of the quarry in reliance upon that study and in accordance with the permit issued by the DEC constituted willful or wanton negligence or recklessness. Finally, contrary to plaintiffs' further contention, the court did not abuse its discretion in denying that part of plaintiffs' cross motion that sought to compel the production of documents (*see Nussbaumer v General Elec. Co.*, 292 AD2d 873 [2002]). Present—Scudder, J.P., Martoche, Pine, Lawton and Hayes, JJ.