Duffy v Baldwin (2020 NY Slip Op 02836)





Duffy v Baldwin


2020 NY Slip Op 02836


Decided on May 14, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 14, 2020

528350

[*1]Christine Duffy et al., Appellants,
v
Kellie Baldwin et al., Respondents.

Calendar Date: March 26, 2020

Before: Garry, P.J., Clark, Aarons, Pritzker and Reynolds Fitzgerald, JJ.


William J. Better, PC, Kinderhook (Joseph D. Clyne of counsel), for appellants.
Wellner and Associates PLLC, Hillsdale (Phillip A. Wellner of counsel), for respondents.



Reynolds Fitzgerald, J.
Appeal from an order of the Supreme Court (Melkonian, J.), entered November 1, 2018 in Albany County, which granted defendants' motion to dismiss the complaint.
Plaintiffs and defendants owned adjoining parcels of property in the Town of Guilderland, Albany County. In 2015, defendants excavated the front 20 feet of their front lawn, paved it and constructed a brick retaining wall, creating a parking area for three to four vehicles. Thereafter, defendants parked vehicles in this area, as well as their driveway. Plaintiffs contend that this created a safety hazard, as their line of sight was significantly blocked when they exited their driveway onto the street and into traffic. In 2018, plaintiffs commenced this action alleging causes of action in public and private nuisance, as well as seeking a permanent injunction. Defendants filed a pre-answer motion to dismiss the complaint for failure to state a cause of action (see CPLR 3211 [a] [7]). Supreme Court granted defendants' motion and dismissed the complaint, finding that plaintiffs' allegations were wholly speculative. Plaintiffs appeal.
At the outset it must be noted that, approximately two months after the notice of appeal was filed, defendants transferred their property to a third party. Defendants contend that this transfer renders the appeal moot. We disagree. Plaintiffs are seeking damages for both psychological injury and reduction in the fair market value of their home as a result of the alleged nuisance created by defendants. As such, defendants' sale of the property may limit the damages available to plaintiffs, but it does not mandate dismissal of the complaint (see CPLR 1018; Schillaci v Sarris, 122 AD3d 1085, 1088 [2014]). However, as to the request for a permanent injunction, as plaintiffs' acknowledge, the injunctive relief can no longer be obtained from defendants as there are no continuing actions by defendants. As such, this claim is moot.
"When assessing a pre-answer motion for failure to state a cause of action, we accept allegations in the complaint as true and accord the plaintiff[s] every favorable inference" (Mid-Hudson Val. Fed. Credit Union v Quartararo & Lois PLLC, 155 AD3d 1218, 1219 [2017] [citations omitted], affd 31 NY3d 1090 [2018]; see Davis v Boeheim, 24 NY3d 262, 268 [2014]; Radiation Oncology Servs. of Cent. N.Y., P.C. v Our Lady of Lourdes Mem. Hosp., Inc., 148 AD3d 1418, 1419 [2017]). Plaintiffs initially argue that Supreme Court erred in dismissing their cause of action for private nuisance. "A private nuisance claim may be established by proof of intentional action or inaction that substantially and unreasonably interferes with other people's use and enjoyment of their property" (DelVecchio v Collins, 178 AD3d 1336, 1336 [2019] [internal quotation marks, brackets and citations omitted]).
Plaintiffs' complaint alleges that defendants paved a significant area of their front yard and proceeded to park cars and trucks thereon, and, as a result, their view of oncoming traffic was significantly hindered when they used their driveway. As a consequence, they claimed that they suffered great anxiety, as they continually worried about being in a traffic accident. What plaintiffs can ultimately prove, or whether damages of this sort are recoverable, is not our concern when determining a motion to dismiss for failure to state a cause of action (see Landon v Kroll Lab. Specialists, Inc., 22 NY3d 1, 6 [2013]; Tomhannock, LLC v Roustabout Resources, LLC, 115 AD3d 1074, 1076 [2014]; Stone Ridge Country Props. Corp. v Mohonk Oil Co., Inc., 84 AD3d 1556, 1557 [2011]). Rather, "the dispositive inquiry is whether plaintiffs have a cause of action and not whether one has been stated, i.e., whether the facts as alleged fit within any cognizable legal theory" (Alaimo v Town of Fort Ann, 63 AD3d 1481, 1482 [2009] [internal quotation marks, brackets and citations omitted]; see Maddicks v Big City Props., LLC, 34 NY3d 116, 123 [2019]). Here, after applying the strict standards of a pre-answer motion to dismiss, we conclude that Supreme Court erred in dismissing plaintiffs' cause of action for private nuisance.
We reach a different conclusion with respect to plaintiffs' cause of action for public nuisance. A public nuisance consists of "conduct or omissions which offend, interfere with or cause damage to the public in the exercise of rights common to all, in a manner such as to offend public morals, interfere with use by the public of a public place or endanger or injure the property, health, safety or comfort of a considerable number of persons" (City of New York v Smokes-Spirits. Com, Inc., 12 NY3d 616, 626 [2009] [internal quotation marks and citation omitted]; see Haire v Bonelli, 57 AD3d 1354, 1358 [2008]). "A public nuisance is actionable by a private person only if it is shown that the person suffered special injury beyond that suffered by the community at large" (532 Madison Ave. Gourmet Foods v Finlandia Ctr., 96 NY2d 280, 292 [2001] [citations omitted]). Plaintiffs have not alleged that defendants interfered with the use of a public place or public rights. The complaint alleges that plaintiffs and the public (pedestrian, cyclist or motorist) are at risk of suffering a collision. "[W]here the claimed injury is common to the entire community, a private right of action is barred" (Wheeler v Lebanon Val. Auto Racing Corp., 303 AD2d 791, 793 [2003] [internal quotation marks and citation omitted], lv denied 100 NY2d 507 [2003]). Moreover, we find without merit plaintiffs' claim that they suffer a special damage in that they will suffer liability as a result of any collision that might occur. Even were we to conclude that this claim is not completely speculative, the injury proposed by plaintiffs is not different in kind, but merely in degree, to that which may be suffered by the public as a whole. As such, it does not qualify as a "special injury" so as to allow plaintiffs to bring a public nuisance cause of action (see id.). Accordingly, this cause of action was properly dismissed.
Garry, P.J., Clark, Aarons and Pritzker, JJ., concur.
ORDERED the order is modified, on the law, without costs, by reversing so much thereof as granted defendants' motion to dismiss the private nuisance cause of action; motion denied to that extent and matter remitted to the Supreme Court to permit defendants to serve an answer within 20 days of this Court's decision; and, as so modified, affirmed.[FN1]



Footnotes

Footnote 1: Pursuant to the March 17, 2020 order of the Presiding Justice, which, among other things, suspended all perfection, filing and other deadlines set forth by any order of this Court, the 20-day period by which the answer shall be served is suspended indefinitely until further order of this Court.