William Metrose Ltd. Builder/Developer v Waste Mgt. of N.Y., LLC (2024 NY Slip Op 01458)

William Metrose Ltd. Builder/Developer v Waste Mgt. of N.Y., LLC

2024 NY Slip Op 01458

Decided on March 15, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 15, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, BANNISTER, OGDEN, AND DELCONTE, JJ.

968 CA 23-00005

[*1]WILLIAM METROSE LTD. BUILDER/DEVELOPER, PLAINTIFF-RESPONDENT,
v
WASTE MANAGEMENT OF NEW YORK, LLC, DEFENDANT-APPELLANT. 

HARRIS BEACH PLLC, PITTSFORD (BRIAN D. GINSBERG OF COUNSEL), FOR DEFENDANT-APPELLANT. 
HEATH & O'TOOLE PLLC, HOLLEY (BRIDGET ANN O'TOOLE OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 

 Appeal from an order of the Supreme Court, Monroe County (Debra A. Martin, A.J.), entered December 2, 2022. The order denied the motion of defendant to dismiss the second amended complaint. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the motion to dismiss the second amended complaint is granted and the second amended complaint is dismissed.
Memorandum: Defendant owns and operates the High Acres Landfill, which is the second largest landfill in the State of New York, and has been a defendant in several other cases related to that landfill (see e.g. Fresh Air for the Eastside, Inc. v Waste Mgt. of N.Y., LLC, 2023 WL 6121169, 2023 US Dist LEXIS 166618 [WD NY, Sept. 19, 2023, No. 18-CV-6588 (FPG)]; D'Amico v Waste Mgt. of N.Y., LLC, 2019 WL 1332575, 2019 US Dist LEXIS 50323 [WD NY, Mar. 25, 2019, No. 6:18-CV-06080 (EAW)]).
Plaintiff is a real estate developer that owns numerous properties near that landfill. As a result of noxious odors emanating from the landfill, plaintiff had difficulty in selling homes that it built on its properties and in developing other such properties. Plaintiff thus commenced this action seeking damages for the diminution in the value of its properties, which allegedly led to lost profits and harm to its business reputation.
After Supreme Court dismissed a trespass cause of action on defendant's motion to dismiss plaintiff's amended complaint, plaintiff filed a second amended complaint asserting three causes of action, i.e., for negligence and gross negligence, private nuisance, and public nuisance. Defendant thereafter filed a motion to dismiss the second amended complaint (see CPLR 3211 [a] [7]). The court denied that motion, and defendant appeals. We now reverse.
As a preliminary matter, we note that the court's order on the prior motion does not preclude our review of the order on appeal. Even assuming, arguendo, that the motion court was bound by the law of the case doctrine, we are not so bound and are free to make our own determination (see Micro-Link, LLC v Town of Amherst, 155 AD3d 1638, 1642 [4th Dept 2017]; see generally Martin v City of Cohoes, 37 NY2d 162, 165 [1975], rearg denied 37 NY2d 817 [1975]). We therefore address the merits of defendant's contentions.
"On a motion to dismiss pursuant to CPLR 3211, the pleading is to be afforded a liberal construction" (Leon v Martinez, 84 NY2d 83, 87 [1994]). We must "accept the facts as alleged in the [second amended] complaint as true, accord plaintiff[ ] the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable [*2]legal theory" (id. at 87-88).
With respect to the cause of action sounding in private nuisance, a private nuisance is one that "threatens one person or . . . relatively few" (Copart Indus. v Consolidated Edison Co. of N.Y., 41 NY2d 564, 568 [1977], rearg denied 42 NY2d 1102 [1977]; see Davies v S.A. Dunn & Co., LLC, 200 AD3d 8, 11 [3d Dept 2021], lv denied 38 NY3d 902 [2022]). Here, plaintiff's allegations indicate that the noxious odors affected a large number of community residents and, therefore, we conclude that plaintiff's cause of action for private nuisance must be dismissed (see Davies, 200 AD3d at 11; see also D'Amico, 2019 WL 1332575, *2, 2019 US Dist LEXIS 50323, *6-7).
With respect to the cause of action sounding in public nuisance, a public nuisance consists of "a substantial interference with the exercise of a common right of the public, thereby offending public morals, interfering with the use by the public of a public place or endangering or injuring the property, health, safety or comfort of a considerable number of persons" (532 Madison Ave. Gourmet Foods v Finlandia Ctr., 96 NY2d 280, 292 [2001], rearg denied 96 NY2d 938 [2001]; see Davies, 200 AD3d at 11-12; Leo v General Elec. Co., 145 AD2d 291, 294 [2d Dept 1989]). "A public nuisance is actionable by a private person only if it is shown that the person suffered special injury beyond that suffered by the community at large" (532 Madison Ave. Gourmet Foods, 96 NY2d at 292; see Davies, 200 AD3d at 12; Leo, 145 AD2d at 294).
Here, plaintiff alleged that it suffered a special injury because it "suffered lost profit[s] and other substantial economic loss," including "irreparable damage to its reputation in the community as a residential home builder." We agree with defendant that plaintiff did not allege facts sufficient to support a public nuisance cause of action. It failed to allege that it sustained any harm or damages that were "different in kind, not merely in degree," from the community at large (532 Madison Ave. Gourmet Foods, 96 NY2d at 294; see Davies, 200 AD3d at 12; cf. Leo, 145 AD2d at 294). Viewing the second amended complaint liberally and accepting the facts as alleged as true (see Leon, 84 NY2d at 87-88), we conclude that the entire community of property owners surrounding the landfill suffered a diminution in the value of their properties. The only difference for plaintiff is that it suffered a greater degree of damages because it owned more of those properties. Thus, plaintiff's damages, while larger in degree, are not "different in kind" (532 Madison Ave. Gourmet Foods, 96 NY2d at 294; cf. Leo, 145 AD2d at 294). We thus conclude that the public nuisance cause of action must be dismissed.
Finally, we conclude that the cause of action sounding in negligence and gross negligence must also be dismissed. "To recover in negligence [or gross negligence], a plaintiff must sustain either physical injury or property damage resulting from the defendant's alleged negligent conduct . . . This limitation serves a number of important purposes: it defines the class of persons who actually possess a cause of action, provides a basis for the factfinder to determine whether a litigant actually possesses a claim, and protects court dockets from being clogged with frivolous and unfounded claims" (Davies, 200 AD3d at 16 [internal quotation marks omitted]; see generally Colnaghi, U.S.A. v Jewelers Protection Servs., 81 NY2d 821, 823 [1993]). Although defendant "undoubtedly owes surrounding property owners a duty of care to avoid injuring them . . . , the question is whether plaintiff[ ] sustained the required injury" (Davies, 200 AD3d at 16). Here, plaintiff alleges, in essence, "that the noxious odors have physically invade[d] [its] properties, substantially interfering with [its] use and enjoyment thereof and diminishing the[ ] property values" (id. [internal quotation marks omitted]). Even if, as plaintiff alleges, the odors "have a continuing physical presence" (id. at 16-17), plaintiff "ha[s] not alleged any tangible property damage or physical injury resulting from exposure to the odors" and, "likewise, the economic loss resulting from the diminution of plaintiff['s] property values is not, standing alone, sufficient to sustain a negligence claim under New York law" (id. at 17; see Beck v FMC Corp., 53 AD2d 118, 120-121 [4th Dept 1976], affd 42 NY2d 1027 [1977]; cf. Dunlop Tire & Rubber Corp. v FMC Corp., 53 AD2d 150, 154-155 [4th Dept 1976]; D'Amico, 2019 WL 1332575, *4, 2019 US Dist LEXIS 50323, *11-12).
Entered: March 15, 2024
Ann Dillon Flynn
Clerk of the Court