■ QUEENS COUNTY BUSINESS ALLIANCE, INC., et al., Appellants, v NEW YORK RACING ASSOCIATION, INC., et al., Respondents. — In an action for a permanent injunction, plaintiffs appeal from an order and judgment (one paper) of the Supreme Court, Queens County (Durante, J.), dated January 25, 1983, which, *inter alia,* granted the defendants' cross motions to dismiss their complaint. Order and judgment affirmed, without costs or disbursements. The instant action for a permanent injunction is the result of a prior conversion by this court of plaintiffs' proceeding commenced pursuant to CPLR article 78 (*Queens County Business Alliance v New York State Racing Assn.,* 89 AD2d 46). There we stated that the proper procedure for obtaining the relief sought by plaintiffs was a private action to enjoin alleged violations of the New York City Zoning Resolution or to enjoin a public or private nuisance. We noted, however, that our determination was without prejudice to respondents' raising the question of standing. Plaintiffs have failed to establish the special damages necessary for a private party to enjoin a zoning violation. Damage from

competition is insufficient (*Cord Meyer Dev. Co. v Bell Bay Drugs,* 20 NY2d 211; *Kempner v Bello Nurseries,* 31 AD2d 748). Plaintiffs further state no cause of action in either private or public nuisance. Plaintiffs fail to allege an essential element of a private nuisance, an "interference with the use or enjoyment of land" (*Copart Inds. v Consolidated Edison Co.,* 41 NY2d 564, 568). A cause of action alleging public nuisance, which interferes with or causes damage to the public in the exercise of rights common to all, cannot be maintained by a private individual absent special damages (*Copart Inds. v Consolidated Edison Co., supra,* p 568). Plaintiffs allege no injury different from that suffered by other residents and merchants of Queens County (see *Graceland Corp. v Consolidated Laundries,* 7 AD2d 89, affd 6 NY2d 900; Prosser, Torts [4th ed], pp 586-590). Accordingly, the complaint was properly dismissed. Gibbons, J. P., Thompson, Bracken and Brown, JJ., concur.