■ CEDAR & WASHINGTON ASSOCIATES, LLC, Appellant, v BOVIS LEND LEASE LMB, INC., et al., Defendants, and TRC ENVIRONMENTAL CORPORATION et al., Respondents. [944 NYS2d 47]—

Orders, Supreme Court, New York County (Milton A. Tingling, J.), entered October 13, 2011, which, to the extent appealed from, dismissed plaintiff's claim for private nuisance against defendants LVI Environmental Services, Inc. and TRC Environmental Corporation, and dismissed plaintiff's claims for

negligence, gross negligence, and strict liability against TRC, unanimously affirmed, without costs.

In the amended complaint, plaintiff, lessee of land and owner and operator of two hotels near the Deutsche Bank Building (the building) at Ground Zero, seeks to recover damages arising out of a fire at the building, where defendant contractors were engaged in abatement and deconstruction work. Plaintiff alleges that defendants' disregard for public health and safety caused at least nine fires leading up to the subject fire. Plaintiff's allegations are insufficient to state a cause of action against TRC, which merely provided environmental consulting and health and safety services pursuant to a contract with the building's owner and owed no duty of care to plaintiff, a third party to the contract (*see Espinal v Melville Snow Contrs.*, 98 NY2d 136, 140 [2002]).

Plaintiff's tort claims, including its private nuisance claim, also fail since plaintiff merely alleges economic loss, not personal injury or property damages (*see 532 Madison Ave. Gourmet Foods v Finlandia Ctr.*, 96 NY2d 280, 291-292 [2001]; *Roundabout Theatre Co. v Tishman Realty & Constr. Co.*, 302 AD2d 272, 272-273 [2003]). Although plaintiff alleges that it was damaged by glass, debris, smoke, dust and water that fell into and around its property, and that there was water damage to the property from the firefighting techniques, these allegations of property damage are too speculative or conclusory to have merit. Indeed, there is no indication of the extent of the damages, the cost of repair or how its buildings were affected.

The cause of action for private nuisance also fails because the alleged nuisance affects a wide area and adjacent properties (*see A & L Gift Shop v ASA Waterproofing Corp.*, 2005 NY Slip Op 30482[U], *7 [Sup Ct, NY County 2005]).

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Saxe, J.P., Sweeny, Moskowitz, Freedman and Manzanet-Daniels, JJ.