Westbury Recycling, Inc. v Westbury Transfer & Recycling, LLC (2022 NY Slip Op 05889)

Westbury Recycling, Inc. v Westbury Transfer & Recycling, LLC

2022 NY Slip Op 05889

Decided on October 19, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 19, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
REINALDO E. RIVERA
CHERYL E. CHAMBERS
DEBORAH A. DOWLING, JJ.

2020-02364
 (Index No. 611623/19)

[*1]Westbury Recycling, Inc., et al., appellants- respondents, 
v
Westbury Transfer & Recycling, LLC, et al., respondents-appellants, Rizzo Associates, Inc., et al., respondents.

Read Law Group, PLLC, Garden City, NY (Christopher M. Read of counsel), for appellants-respondents.
David Bolton, P.C., Garden City, NY, for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of a license agreement, the plaintiffs appeal, and the defendants Westbury Transfer & Recycling, LLC, Rizzo Environmental Services Corp., Raymond J. Rizzo, Jr., and Kelly A. Rizzo cross-appeal, from an order of the Supreme Court, Nassau County (Jerome C. Murphy, J.), entered February 19, 2020. The order, insofar as appealed from, granted the motion of the defendants Rizzo Associates, Inc., and Carol M. Rizzo pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them.
ORDERED that the cross appeal is dismissed as abandoned, without costs or disbursements; and it is further,
ORDERED that the order is modified, on the law, by deleting the provision thereof granting those branches of the motion of the defendants Rizzo Associates, Inc., and Carol M. Rizzo which were pursuant to CPLR 3211(a) to dismiss the sixth and seventh causes of action insofar as asserted against the defendant Rizzo Associates, Inc., and substituting therefor a provision denying those branches of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
The plaintiffs are the owners of a waste transfer facility located in Westbury. The transfer facility is a solid waste management facility where construction and demolition debris and other nonputrescible solid waste is received and sorted before being transferred to a landfill, a recycling center, or a waste-to-energy plant. In 2017, the defendant Westbury Transfer & Recycling, LLC (hereinafter Westbury Transfer), entered into a licensing agreement with the plaintiffs to operate the transfer facility. As part of that licensing agreement, the defendant Rizzo Environmental Services Corp. (hereinafter Rizzo Environmental) was granted the right to access and use the transfer facility and agreed to be bound by the terms of the licensing agreement. The defendant Raymond J. Rizzo, Jr., is the owner and managing member of Westbury Transfer and an officer of Rizzo Environmental. The defendant Kelly A. Rizzo is the president and chief executive officer of Rizzo Environmental. The defendant Carol M. Rizzo is the president and chief executive officer of the [*2]defendant Rizzo Associates, Inc. (hereinafter Rizzo Associates).
In 2019, the plaintiffs commenced this action to recover damages for breach of the license agreement, breach of guaranty, unjust enrichment/quantum meruit, tortious interference with business relations, unjust enrichment, conversion, and nuisance, and for replevin. Rizzo Associates and Carol M. Rizzo (hereinafter together the Rizzo Associates defendants) moved pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them.
Westbury Transfer, Rizzo Environmental, Raymond J. Rizzo, Jr., and Kelly A. Rizzo (hereinafter collectively the Westbury Transfer defendants) answered the complaint and asserted five counterclaims. The plaintiffs moved pursuant to CPLR 3211(a) to dismiss four of those counterclaims. While the plaintiffs' motion was pending, the Westbury Transfer defendants filed an amended answer, wherein they asserted four amended counterclaims and a demand for punitive damages. Thereafter, the plaintiffs submitted a reply memorandum seeking to dismiss three of the amended counterclaims and the demand for punitive damages.
In an order entered February 19, 2020, the Supreme Court granted the Rizzo Associates defendants' motion and granted the plaintiffs' motion to dismiss four of the original counterclaims. However, the court did not address the amended counterclaims or the demand for punitive damages. The plaintiffs appeal.
The Supreme Court properly granted those branches of the Rizzo Associates defendants' motion which were pursuant to CPLR 3211(a) to dismiss the first, second, third, and fourth causes of action, sounding in breach of the license agreement, breach of guaranty, unjust enrichment/quantum meruit, and tortious interference with business relations, respectively, insofar as asserted against them. Accepting the facts alleged in the complaint as true, and according the plaintiffs the benefit of every possible favorable inference (see Leon v Martinez, 84 NY2d 83, 88; Raach v SLSJET Mgt. Corp., 134 AD3d 792, 793), the complaint failed to allege facts sufficient to establish that either Rizzo Associates or Carol M. Rizzo were the alter egos of the remaining defendants or that the Rizzo Associates defendants abused the privilege of doing business in the corporate form to perpetrate a wrong or injustice against the plaintiffs.
The Supreme Court also properly granted that branch of the Rizzo Associates defendants' motion which was pursuant to CPLR 3211(a) to dismiss the fifth cause of action, alleging unjust enrichment, insofar as asserted against them because recovery under this theory was precluded by the existence of a valid contract governing the subject matter of the dispute (see Woodmere Rehabilitation & Health Care Ctr., Inc. v Zafrin, 197 AD3d 1263, 1268; Jaybar Realty Corp. v Armato, 175 AD3d 1391, 1393).
Moreover, the Supreme Court properly granted that branch of the Rizzo Associates defendants' motion which was pursuant to CPLR 3211(a) to dismiss the eighth cause of action, alleging private nuisance, insofar as asserted against them. The elements of this cause of action are "(1) an interference substantial in nature, (2) intentional in origin, (3) unreasonable in character, (4) with a person's property right to use and enjoy land, (5) caused by another's conduct in acting or failure to act" (Copart Indus. v Consolidated Edison Co. of N.Y., 41 NY2d 564, 570; see Curry v Matranga, 194 AD3d 1011, 1012-1013; Massaro v Jaina Network Sys., Inc., 106 AD3d 701, 703). Here, the plaintiffs failed to explain how leaving solid waste at the transfer station was either substantial in nature or unreasonable in character. Further, the plaintiffs failed to explain how that action interfered with their enjoyment of the property.
However, the Supreme Court erred in granting those branches of the Rizzo Associates defendants' motion which were pursuant to CPLR 3211(a) to dismiss the sixth and seventh causes of action, sounding in conversion and replevin, respectively, insofar as asserted against Rizzo Associates. "A conversion takes place when someone, intentionally and without authority, assumes or exercises control over personal property belonging to someone else, interfering with that person's right of possession" (Colavito v New York Organ Donor Network, Inc., 8 NY3d 43, 49-50; see State of New York v Seventh Regiment Fund, 98 NY2d 249). "Two key elements of conversion are (1) [*3]plaintiff's possessory right or interest in the property and (2) defendant's dominion over the property or interference with it, in derogation of plaintiff's rights" (Colavito v New York Organ Donor Network, Inc., 8 NY3d at 50 [citations omitted]; see Employers' Fire Ins. Co. v Cotten, 245 NY 102; see also Restatement [Second] of Torts §§ 8A, 223, 243; Prosser and Keeton, Torts § 15 at 92, 102 [5th ed]). "'A cause of action sounding in replevin must establish that the defendant is in possession of certain property of which the plaintiff claims to have a superior right'" (Melrose Credit Union v Matatov, 187 AD3d 1009, 1012, quoting Nissan Motor Acceptance Corp. v Scialpi, 94 AD3d 1067, 1068; see Southeast Fin., LLC v Broadway Towing, Inc., 117 AD3d 715, 715). The plaintiffs adequately alleged that Rizzo Associates was in possession of certain containers to which the plaintiffs had a superior right, but the plaintiffs did not allege that Carol M. Rizzo was in possession of those containers. Accordingly, while the court properly granted those branches of the Rizzo Associates defendants' motion which were pursuant to CPLR 3211(a) to dismiss the sixth and seventh causes of action insofar as asserted against Carol M. Rizzo, it should have denied those branches which were pursuant to CPLR 3211(a) to dismiss the sixth and seventh causes of action insofar as asserted against Rizzo Associates.
The plaintiffs' contentions regarding the Westbury Transfer defendants' amended counterclaims and demand for punitive damages are not properly before this Court. Although the parties properly elected to apply the plaintiffs' motion to the amended counterclaims, which superseded the original counterclaims (see Sobel v Ansanelli, 98 AD3d 1020, 1022; Union State Bank v Weiss, 65 AD3d 584, 585; Ferguson v Sherman Sq. Realty Corp., 30 AD3d 288; Sage Realty Corp. v Proskauer Rose, 251 AD2d 35, 38; David D. Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3211:65), the Supreme Court did not address the amended counterclaims or the demand for punitive damages. Accordingly, the plaintiffs' motion, insofar as it pertains to dismiss three of the amended counterclaims and the demand for punitive damages, remains pending and undecided (see Katz v Katz, 68 AD2d 536, 542-543).
BARROS, J.P., RIVERA, CHAMBERS and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court