Matter of Baugher (2023 NY Slip Op 04445)

Matter of Baugher

2023 NY Slip Op 04445

Decided on August 30, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 30, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
CHERYL E. CHAMBERS
DEBORAH A. DOWLING
HELEN VOUTSINAS, JJ.

2020-08737
2020-08738

[*1]In the Matter of Phebe H. Baugher, deceased. W.S. Wilson Corporation, appellant; Jonathon Kirk Baugher, respondent. (File No. 353909)

Sarisohn Law Partners LLP, Commack, NY (James Tampellini of counsel), for appellant.
Skadden, Arps, Slate, Meagher & Flom LLP, New York, NY (John L. Gardiner and Colm P. McInerney of counsel), for respondent.

DECISION & ORDER
In a probate proceeding in which W.S. Wilson Corporation petitioned pursuant to SCPA 1809 to determine the validity of a claim against the estate of Phebe H. Baugher, the petitioner appeals from (1) an order of the Surrogate's Court, Nassau County (Margaret C. Reilly, S.), dated April 28, 2020, and (2) an order of the same court dated October 28, 2020. The order dated April 28, 2020, insofar as appealed from, denied the petitioner's motion for summary judgment on the petition. The order dated October 28, 2020, insofar as appealed from, upon reargument, adhered to so much of the order dated April 28, 2020, as denied the petitioner's motion for summary judgment on the petition.
ORDERED that the appeal from the order dated April 28, 2020, is dismissed, as the portion of the order appealed from was superseded by the order dated October 28, 2020, made upon reargument; and it is further,
ORDERED that the order dated October 28, 2020, is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the respondent.
Phebe H. Baugher (hereinafter the decedent) died on November 4, 2008, and was [*2]survived by seven children. The decedent's will, dated March 11, 2008, named Jonathon Kirk Baugher (hereinafter the executor) as executor of her estate. The decedent was the lifetime income beneficiary of a testamentary trust created under the will of her father (hereinafter the trust). The trust was the sole shareholder of W.S. Wilson Corporation (hereinafter the petitioner) until the decedent's death.
In September 2008, pursuant to the terms of a stipulation entered into by the decedent and her children, the petitioner paid $223,200 in federal taxes and $46,500 in state taxes for estimated taxes owed by the decedent for the third quarter of 2008. In April 2009, the petitioner paid $571,000 in federal taxes and $112,000 in state taxes for estimated taxes that the decedent owed for the fourth quarter of 2008. The decedent's estate received tax refunds for the 2008 tax year in the total sum of $451,964.20.
In January 2013, the petitioner presented the executor a notice of claim against the estate for repayment of the tax refunds. The executor failed to formally respond to the claim within 90 days and, pursuant to SCPA 1806(3), the petitioner deemed the claim rejected.
In June 2018, the petitioner filed a petition pursuant to SCPA 1809 to determine the validity of its claim against the estate. The petitioner's claim was premised, in effect, on theories of conversion and unjust enrichment.
Subsequently, the petitioner moved for summary judgment on the petition. In an order dated April 28, 2020, the Surrogate's Court, inter alia, denied the petitioner's motion. Thereafter, the petitioner moved for leave to reargue its prior motion. In an order dated October 28, 2020, the court granted reargument and, upon reargument, adhered to the prior determination. The petitioner appeals from both orders.
"A conversion takes place when someone, intentionally and without authority, assumes or exercises control over personal property belonging to someone else, interfering with that person's right of possession" (Colavito v New York Organ Donor Network, Inc., 8 NY3d 43, 49-50; see Westbury Recycling, Inc. v Westbury Transfer & Recycling, LLC, 209 AD3d 929, 932). "To recover under a theory of unjust enrichment, a litigant must show that (1) the other party was enriched, (2) at that party's expense, and (3) that it is against equity and good conscience to permit [the other party] to retain what is sought to be recovered" (Columbia Mem. Hosp. v Hinds, 38 NY3d 253, 275 [internal quotation marks omitted]).
Here, the petitioner failed to establish, prima facie, that its claim against the estate should be validated. In support of its motion, the petitioner submitted, inter alia, a copy of the stipulation, as well as copies of the deposition transcripts of the executor and the petitioner's former president, who authorized the tax payments made in September 2008 and April 2009. As the Surrogate's Court correctly determined, the terms of the stipulation were ambiguous as to whether the petitioner was entitled to the tax refunds (see Amusement Bus. Underwriters v American Intl. Group, 66 NY2d 878, 881; County of Nassau v Technology Ins. Co., Inc., 174 AD3d 847, 849). Further, the deposition testimony failed to eliminate triable issues of fact as to whether the payments were intended to be distributions to the trust and whether the decedent was entitled to retain the refunds.
The parties' remaining contentions either are not properly before this Court or need [*3]not be reached in light of our determination.
Accordingly, upon reargument, the Surrogate's Court properly adhered to the prior determination denying the petitioner's motion for summary judgment on the petition.
CONNOLLY, J.P., CHAMBERS, DOWLING and VOUTSINAS, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court