Dudley v API Indus., Inc. (2025 NY Slip Op 07379)

Dudley v API Indus., Inc.

2025 NY Slip Op 07379

Decided on December 31, 2025

Appellate Division, Second Department

Voutsinas, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 31, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
ROBERT J. MILLER
HELEN VOUTSINAS
DONNA-MARIE E. GOLIA, JJ.

2022-00273
 (Index No. 30905/18)

[*1]Joseph Dudley, etc., et al., respondents, 
vAPI Industries, Inc., etc., appellant.

APPEAL by the defendant, in a putative class action, inter alia, to recover damages for negligence and private nuisance, from an order of the Supreme Court (Thomas P. Zugibe, J.), dated January 3, 2022, and entered in Rockland County. The order, insofar as appealed from, (1) denied those branches of the defendant's cross-motion which were for summary judgment dismissing the causes of action alleging negligence and private nuisance, (2) granted the plaintiffs' motion for class certification, (3) denied those branches of the defendant's separate cross-motions which were, in effect, to strike certain exhibits and evidence submitted by the plaintiffs in support of their motion for class certification, and (4) granted the plaintiff's cross-motion to strike a certain exhibit submitted by the defendant in opposition to the plaintiffs' motion for class certification.

Koffsky Schwalb LLC (Efrem Schwalb and Beveridge & Diamond, P.C., New York, NY [Michael G. Murphy, John H. Paul, Megan R. Brillault, Katelyn E. Ciolino, Katrina M. Krebs, and James B. Slaughter, pro hac vice], of counsel), for appellant.
Greenspan & Greenspan P.C. (The Altman Law Firm, PLLC, Woodmere, NY [Michael T. Altman and Matthew Z. Robb, pro hac vice], of counsel), for respondents.

VOUTSINAS, J.

OPINION & ORDER
In this case, we analyze the viability of causes of action sounding in negligence and private nuisance when they encompass a collective of individuals within the context of a class action. For the reasons set forth below, this Court concludes that a private nuisance cause of action can be maintained by a collective of individuals, and to that extent, this Court affirms the Supreme Court's denial of that branch of the defendant's cross-motion which was for summary judgment dismissing the cause of action sounding in private nuisance. However, as to the cause of action sounding in negligence, the Supreme Court should have granted that branch of the defendant's cross-motion which was for summary judgment dismissing that cause of action. This Court notes that the Supreme Court also determined that the plaintiffs did not sufficiently plead a cause of action sounding in public nuisance. The plaintiffs do not appeal from the portion of the order that awarded summary judgment dismissing the cause of action sounding in public nuisance.
Accordingly, this Court modifies the order of the Supreme Court as indicated herein and otherwise affirms.I. Factual and Procedural Background
The defendant operates a facility in Orangeburg that manufactures industrial liners and other plastic products. The plaintiffs alleged that through a process known as extrusion, the [*2]defendant melts solid plastic into a liquid that is manufactured into new plastic products and that this process has caused noxious odors to be emitted from the defendant's facility, invading the residences in the adjacent community. In February 2018, the plaintiffs, who resided in the area surrounding the facility, commenced this putative class action on behalf of themselves and any or all other individuals who owned or occupied residential property at anytime beginning in 2015 to the present, located within 1.5 miles to the northern, northwestern, western, southwestern, and southern directions of the property line of the defendant's facility. The plaintiffs asserted causes of action sounding in public nuisance, private nuisance, and negligence, alleging, among other things, that the defendant's facility emitted noxious fumes that interfered with the use and enjoyment of their property and diminished their property values.
Thereafter, the plaintiffs moved for class certification pursuant to CPLR 901 and 902. The defendant opposed the motion and cross-moved, in effect, to strike certain exhibits and evidence submitted by the plaintiffs in support of their motion for class certification. The defendant also separately cross-moved for summary judgment dismissing the complaint on the ground that it failed to state a cause of action. The plaintiffs opposed the defendant's cross-motions and cross-moved, in effect, to strike the defendant's exhibit R submitted in opposition to the plaintiffs' motion for class certification. The defendant opposed the plaintiffs' cross-motion.
In an order dated November 23, 2020, the Supreme Court directed the parties to engage in supplemental discovery and briefing. The parties subsequently submitted supplemental materials. In June 2021, the defendant cross-moved again, in effect, to strike certain exhibits and evidence submitted by the plaintiffs in their supplemental materials.
In an order dated January 3, 2022, the Supreme Court granted that branch of the defendant's cross-motion which was for summary judgment dismissing the cause of action alleging public nuisance, denied those branches of the defendant's cross-motion which were for summary judgment dismissing the causes of action alleging private nuisance and negligence, granted the plaintiffs' motion for class certification, granted the plaintiffs' cross-motion, in effect, to strike the defendant's exhibit R, and denied in part and granted in part the defendant's separate cross-motions, in effect, to strike certain exhibits and evidence submitted by the plaintiffs. The defendant appeals from so much of the order as, inter alia, denied those branches of its cross-motion which were for summary judgment dismissing the causes of action alleging private nuisance and negligence.II. Analysis
The defendant contends that the plaintiffs cannot maintain a cause of action sounding in negligence against the defendant because odors do not cause tangible physical harm or property damage. The defendant further contends that the plaintiffs cannot maintain a cause of action sounding in private nuisance against the defendant because, while a public nuisance typically causes harm to a considerable number of people, a private nuisance cannot be asserted on behalf of a large number of residents. The defendant further asserts that because, in a private nuisance cause of action, individual issues would predominate over those of the class, certification of the class was error.
The plaintiff contends, in opposition, that it is of no moment that private nuisance allegations are being asserted by more than one or a few homeowners and that the mere fact that multiple homeowners are affected by a nuisance does not transform a private nuisance cause of action to protect the plaintiffs' private interests in their land into a public nuisance cause of action. The plaintiffs further contend that should this Court conclude that the private nuisance cause of action belongs only to an individual or a few, the defendant would, in effect, be permitted immunity from liability for its interference with the plaintiffs' use of their private land simply by impacting a larger number of individual properties. The plaintiffs also contend that they can maintain a cause of action alleging negligence based on stigma damages.
A. The Negligence Cause of Action
"'To recover in negligence [or gross negligence], a plaintiff must sustain either physical injury or property damage resulting from the defendant's alleged negligent conduct . . . This limitation serves a number of important purposes: it defines the class of persons who actually possess a cause of action, provides a basis for the factfinder to determine whether a litigant actually possesses a claim, and protects court dockets from being clogged with frivolous and unfounded claims'" (William Metrose Ltd. Bldr./Dev. v Waste [*3]Mgt. of N.Y., LLC, 225 AD3d 1223, 1225, lv granted 42 NY3d 912, quoting Davies v S.A. Dunn & Co., LLC, 200 AD3d 8, 16).
"Although [the] defendant undoubtedly owes surrounding property owners a duty of care to avoid injuring them . . . , the question is whether [the] plaintiff[s] sustained the required injury" (id., [internal quotation marks omitted]). "'[T]he economic loss resulting from the diminution of [the] plaintiff[s'] property values is not, standing alone, sufficient to sustain a negligence claim under New York law'" (id., quoting Davies v S.A. Dunn & Co., LLC, 200 AD3d at 17; see 532 Madison Ave. Gourmet Foods v Finlandia Ctr., 96 NY2d 280, 292).
Here, the plaintiffs alleged that the defendant caused "the invasion of noxious odors onto [their] homes . . . on occasions too numerous to mention" and that said invasions "deprived [the plaintiffs] of the full use and enjoyment of their properties" and caused "substantial loss in the value of their properties." However, the plaintiffs failed to allege any tangible property damage or physical injury resulting from the odors.
Furthermore, contrary to the plaintiffs' contentions and the Supreme Court's determination, allegations of stigma damages do not circumvent the requirement to plead tangible property damage or physical injury in order to sustain a cause of action alleging negligence. While federal courts have recognized this exception (see e.g. D'Amico v Waste Mgt. of N.Y., LLC, 2019 WL 1332575, *5 n 2, 2019 US Dist LEXIS 50323, *13 n 2 [WD NY, No. 6:18-CV-06080 EAW]), this Court and the Court of Appeals have only applied the concept of stigma damages outside the context of negligence cases (see Matter of Commerce Holding Corp. v Board of Assessors of Town of Babylon, 88 NY2d 724, 731-732; Criscuola v Power Auth. of State of N.Y., 81 NY2d 649, 651; Murphy v Both, 84 AD3d 761, 762; Turnbull v MTA N.Y. City Tr., 28 AD3d 647, 649). Thus, the plaintiffs' allegations of loss of property value were also insufficient to sustain a cause of action alleging negligence absent allegations of tangible property damage or physical injury (see William Metrose Ltd. Bldr./Dev. v Waste Mgt. of N.Y., LLC, 225 AD3d at 1225; Davies v S.A. Dunn & Co., LLC, 200 AD3d at 17).
B. The Private Nuisance Cause of Action
Contrary to the defendant's contentions, the plaintiffs stated a cause of action alleging private nuisance. "'The elements of a private nuisance cause of action are: (1) an interference substantial in nature, (2) intentional in origin, (3) unreasonable in character, (4) with a person's property right to use and enjoy land, (5) caused by another's conduct in acting or failing to act'" (Del Vecchio v Gangi, 225 AD3d 666, 668, quoting Harris v Miranda, 219 AD3d 1498, 1499; see Barricella v Papadopoulos, 241 AD3d 1249, 1251). Here, the plaintiffs' allegations, which must be accepted as true, were that noxious odors substantially and unreasonably interfered with the personal property rights of approximately 195 households at minimum and up to and including 3,000 households within an approximate 1.5-mile radius of the defendant's facility. The defendant contends, in essence, that the sheer number of potentially affected households prevents the plaintiffs from maintaining a private nuisance cause of action. In so doing, the defendants rely on a literal application of the language contained in the Court of Appeals' decision in Copart Indus. v Consolidated Edison Co. of N.Y. (41 NY2d 564, 568), which states that a "private nuisance threatens one person or a relatively few."The defendant argues that a private nuisance can only affect a relatively few or small number of people, otherwise it becomes a public nuisance (see e.g. William Metrose Ltd. Bldr./Dev. v Waste Mgt. of N.Y., LLC, 225 AD3d at 1224; Cedar & Wash. Assoc., LLC v Bovis Lend Lease LMB, Inc., 95 AD3d 448, 449). There is no indication, however, that this descriptive phrase was meant to be applied in a literal sense. Rather, courts should look at the character of the cause of action and whether it seeks to vindicate personal rights to use and enjoy property.
A private nuisance cause of action is one where "[t]he rights invaded . . . are not suffered by the [plaintiffs] in their status as citizens or part of the public" (People v Brooklyn & Queens Tr. Corp., 258 App Div 753, 753, affd 283 NY 484). Rather, the harm is suffered by the plaintiffs "in their private capacity in respect of an interference with the comfortable enjoyment of their homes," which does not become a public nuisance "merely because a considerable number are injured" (id.).
The contrary contention of the defendant is not supported by the history and modern analysis of the private nuisance cause of action. This Court's review of its own precedent, precedent [*4]from the Court of Appeals, and the authority relied on therein confirms that a private nuisance cause of action may be asserted by a group of homeowners seeking to collectively enforce their individual rights to the use and enjoyment of their property.
We determine that the conclusion that a private nuisance cause of action is restricted only to a relatively few individual property owners is not supported by the law. In evaluating a private nuisance cause of action, courts must look to the character of the harm in its analysis to ensure that the cause of action states that the nuisance alleged interferes with an individual property owner's use and enjoyment of their privately owned land.
First, section 822 of the Restatement (First) of Torts lists the elements of private nuisance, none of which include that the conduct may only impact a relatively few people (see id.). The Restatement specifies that the main difference in public and private nuisance is the character of the property rights involved:
"Uses of land are either private or public. The uses which members of the public are privileged to make of public highways, parks, rivers and lakes, are 'public' as distinguished from 'private.' By private use is meant a use of land which a person is privileged to make as an individual, and not as a member of the public" (id., Comment d).
Restatement (Second) of Torts § 821D defines private nuisance as "a nontrespassory invasion of another's interest in the private use and enjoyment of land" and also does not mention the number of people harmed as an element of private nuisance (see id.).
Second, the Court of Appeals' decision in Copart Indus. v Consolidated Edison Co. of N.Y. (41 NY2d 564), which relies heavily on the Restatement (First) of Torts, has been cited by the defendant herein and other courts within the state to support the conclusion that a private nuisance cause of action can only be maintained by a relatively few individuals (see e.g. William Metrose Ltd. Bldr./Dev. v Waste Mgt. of N.Y., LLC, 225 AD3d at 1224). Copart, however, cannot be read to support the idea that only a relatively few individuals can maintain a private nuisance cause of action.
In Copart, the issue was whether the trial court had properly instructed the jury as to the elements of nuisance based on the defendant's negligent conduct (see Copart Indus. v Consolidated Edison Co. of N.Y., 41 NY2d at 566-567). The plaintiff contended that this improperly blended the elements of nuisance and negligence and that nuisance does not require a finding of negligence (see id.). The Court of Appeals clarified that the distinguishing quality of a nuisance action was only the harm, which is interference with the use and enjoyment of property, and that the defendant's culpability could be intentional or negligent as long as it was tortious (see id. at 567-572). In reaching this conclusion, the Court began by distinguishing a private nuisance from a public nuisance:
"A private nuisance threatens one person or a relatively few (McFarlane v City of Niagara Falls, 247 NY 340, 344), an essential feature being an interference with the use or enjoyment of land (Blessington v McCrory Stores Corp., 198 Misc 291, 299, affd 279 App Div 806, affd 305 NY 140). It is actionable by the individual person or persons whose rights have been disturbed (Restatement, Torts, notes preceding § 822, p 217). A public, or as sometimes termed a common, nuisance is an offense against the State and is subject to abatement or prosecution on application of the proper governmental agency (Restatement, Torts, notes preceding § 822, p 217; see Penal Law, § 240.45). It consists of conduct or omissions which offend, interfere with or cause damage to the public in the exercise of rights common to all (New York Trap Rock Corp. v Town of Clarkston, 299 NY 77, 80), in a manner such as to offend public morals, interfere with use by the public of a public place or endanger or injure the property, health, safety or comfort of a considerable number of persons (Melker v City of New York, 190 NY 481, 488)" (id. at 568).
Following this, the Court of Appeals concluded that despite their differences, both public and private nuisance "describe[ ] the consequences of conduct, the inconvenience to others, rather than the type of conduct involved" (id. at 569). The Court explained that the difference between the two forms of nuisance is the character of the rights affected. Private nuisance and public nuisance are separate principles that have "almost nothing in common" (id. at 568 [internal quotation marks omitted]). The remedy of assize of nuisance, developed in the twelfth century, was replaced three centuries later
"by the common-law action on the case for nuisance, invoked only for damages upon the invasion of interests in the use and enjoyment of land, as well as of easements and profits. . . . Along with the civil remedy protecting rights in land, there developed a separate principle that an infringement of the right of the crown, or of the general public, was a crime and, in time, this class of offenses was so enlarged as to include any act not warranted by law, or omission to discharge a legal duty, which inconveniences the public in the exercise of rights common to all" (id. at 567-568 [emphasis added; internal quotation marks omitted]).
The Court further stated that:
"[T]oday it is recognized that one is subject to liability for a private nuisance if his [or her] conduct is a legal cause of the invasion of the interest in the private use and enjoyment of land and such invasion is (1) intentional and unreasonable, (2) negligent or reckless, or (3) actionable under the rules governing liability for abnormally dangerous conditions or activities" (id. at 569).
Accordingly, the Court of Appeals' decision in Copart did not restrict the maintenance of a private nuisance cause of action to circumstances where only a relatively few persons are impacted.
The use of the phrase "one person or a relatively few" to describe a private nuisance cause of action seems to have originated in McFarlane v City of Niagara Falls (247 NY 340). In McFarlane, the Court of Appeals elaborated on the nature of nuisance in analyzing a lower court's jury instruction. In so doing, the Court noted that "[i]f the danger threatens the public, the nuisance is classified as common; private, if it threatens one person or a few" (id. at 344). The main issue in McFarlane, however, was whether the lower court properly instructed the jury as to the relevance of contributory negligence in a nuisance analysis and not whether a private nuisance cause of action could be maintained (see id. at 344-346). Under the defendant's theory, the plaintiffs are foreclosed from alleging a cause of action sounding in private nuisance based on the sheer number of plaintiffs. Accepting this conclusion would divest homeowners of any private nuisance cause of action even when asserting separate individual causes of action, because defendants in private nuisance actions could simply argue that they caused harm to more than a few property owners and, therefore, only a public nuisance cause of action would lie.
Other than 532 Madison Ave. Gourmet Foods v Finlandia Ctr. (96 NY2d 280), where the Court of Appeals affirmed the dismissal of a public nuisance cause of action because the plaintiff class did not suffer special damages (see id. at 287, 292-294) and mentioned that the trial court dismissed a private nuisance cause of action without analysis of it, no subsequent Court of Appeals decision citing to Copart references the "one person or a relatively few" phrase (see City of New York v Smokes-Spirits.Com, Inc., 12 NY3d 616, 626-627; Domen Holding Co. v Aranovich, 1 NY3d 117, 123-124 [private nuisance claim]; Sharp v Norwood, 89 NY2d 1068, 1069 [private nuisance claim] ["Having opted to pursue their remedy in the context of a nuisance case, petitioners were required to establish that respondent's conduct 'interfere[d] with the use or enjoyment' of their property" (quoting Copart Indus. v Consolidated Edison Co. of N.Y., 41 NY2d at 568)]; Burns Jackson Miller Summit & Spitzer v Lindner, 59 NY2d 314, 334 [public nuisance claim]; Little Joseph Realty, Inc. v Town of Babylon, 41 NY2d 738, 744-745).
Furthermore, this Court's private nuisance cases that cite to Copart do not restrict [*5]private nuisance causes of action to those in which the conduct affects only a relatively few individuals. Rather, each decision by this Court relies only upon the elements of private nuisance as laid out in Copart (see Shuaiyu Li v O'Leary, 241 AD3d 846, 847; Huang v Fort Greene Partnership Homes Condominium, 228 AD3d 912, 917; Del Vecchio v Gangi, 225 AD3d at 668; Harris v Miranda, 219 AD3d 1498, 1499; Westbury Recycling, Inc. v Westbury Transfer & Recycling, LLC, 209 AD3d 929, 932).
Moreover, some of this Court's private nuisance cases, which are also cited by our dissenting colleague, deal with private nuisance causes of action where the plaintiffs are a greater number of people than the term "a relatively few" would seem to indicate. In Queens County Bus. Alliance v New York Racing Assn. (98 AD2d 743), the plaintiffs were interest groups that represented an undefined number of Queens retail businesses affected by a local flea market. This Court did not discuss the number of plaintiffs and concluded that the plaintiffs failed to allege "an essential element of a private nuisance, an 'interference with the use or enjoyment of land'" (id. at 744, quoting Copart Indus. v Consolidated Edison Co. of N.Y., 41 NY2d at 568).
In Benjamin v Nelstad Materials Corp. (214 AD2d 632), the plaintiffs were an undefined number of residents of Sutton Manor in New Rochelle who claimed that a local cement factory was the cause of a nuisance. There, the issue was whether the defendant's conduct, though intentional, was reasonable (see id. at 633). In Broxmeyer v United Capital Corp. (79 AD3d 780, 782), the multiple plaintiffs were owners of apartments in residential buildings situated next to the defendant's facility, which produced a lot of noise. In Members of the Dekalb Ave. Condominium Assn. v Klein (172 AD3d 1196, 1197), the plaintiff was a condominium association, though it is not clear how large the condominium complex was and how many people lived there. In Sullivan v Keyspan Corp. (155 AD3d 804, 804), the plaintiffs were "more than 100 homeowners in Bay Shore," yet this Court did not conclude that there were too many plaintiffs for a private nuisance cause of action. The decision only referred to the elements of a private nuisance cause of action in determining whether the continuing harm exception to the statute of limitations applied (see id. at 807). In none of these cases did this Court reject a private nuisance cause of action based on the sheer number of plaintiffs. The Copart analysis distinguishes a private nuisance from a public nuisance. In Copart, the phrase "private nuisance" is immediately followed by "an essential feature being an interference with the use or enjoyment of land," not the sheer number of individuals (Copart Indus. v Consolidated Edison Co. of N.Y., 41 NY2d at 568). "It is actionable by the individual person or persons whose rights have been disturbed" (id.). A private nuisance can be asserted by one person or a group of persons as to violations of their private rights for the use and enjoyment of their home. To that extent, we agree with our dissenting colleague that each case should be evaluated on the individual facts. However, it is possible, if not in some cases likely, for 2, 3, or 100 individuals to have their private individual rights affected by a nuisance that emanates from the same source. The distinguishing factor for a private nuisance cause of action is the character of the claim and whether the injury affects the plaintiffs' individual private right to use and enjoy their land. If the injury is to a public right to use and enjoy land open for public use, where the general population is presumed to be affected, then it is a public nuisance. While the households in the proposed 1.5-mile radius of this putative class action may not seem to be a "few," their cause of action is individual in character, as the nuisance allegedly affects their individual private rights to the use and enjoyment of their private land, and they are a "relatively few" when compared to the general public's rights that are enforced in a public nuisance action asserted by the state or a county.
Our dissenting colleague cites to People v Brooklyn & Queens Tr. Corp. (283 NY 484) for the idea that the phrase "relatively few" limits the number of people who may maintain a private nuisance cause of action to those in "immediate proximity" to the nuisance (id. at 491). That case, however, concerned only an alleged public nuisance and did not analyze a private nuisance cause of action. The Court of Appeals merely held that an indictment against the railroad corporation for creating a public nuisance had to be dismissed because the nuisance was not such that "a public right or privilege common to every person in the community is interrupted or interfered with" (id. [internal quotation marks omitted]).
It should be noted that in People v Brooklyn & Queens Tr. Corp., the Court of Appeals examined the character of the nuisance and contrasted and defined public and private nuisance. In so doing, the Court observed that it had previously construed the statute creating the [*6]crime of public nuisance "as the definition of an offense to the public of a neighborhood or community in the enjoyment of its common rights" (id. at 490). The Court contrasted this ability of the government to enforce the rights of the community with the rights of individuals to assert a private nuisance cause of action, defining that as "an offense which consists merely of injury to a large number of persons in the enjoyment of private rights not shared by the members of a community or neighborhood" (id.). The Court concluded, under the circumstances of that case, that the noise from the railroad being operated overnight between 12:00 a.m. and 7:00 a.m. did not affect a sufficient number of persons outside a one-mile radius on the train line to warrant a pubic nuisance indictment (see id. at 488, 491). There is nothing in People v Brooklyn & Queens Tr. Corp. that would foreclose the homeowners within the one-mile radius from maintaining private nuisance causes of action.
To the extent our dissenting colleague relies on cases from other Departments in support of the conclusion that a private nuisance cause of action may only be asserted by one or a relatively few individuals, those cases are unpersuasive. For example, Davies v S.A. Dunn & Co., LLC (200 AD3d 8) only analyzes whether the individual plaintiffs could maintain a public nuisance cause of action, as opposed to government enforcement seeking abatement of the public nuisance, and not a private nuisance cause of action. Indeed, the Appellate Division, Third Department, in describing the cause of action, which was a private action alleging a public nuisance, stated that the "plaintiffs assert that the noxious odors emanating from the landfill have interfered with their ability to use and enjoy their properties and have resulted in a diminution in their property values" (id. at 15-16). Despite this language essentially being the sine qua non of a cause of action alleging private nuisance, the Third Department only discussed it in terms of whether the plaintiffs could state a private action for a public nuisance. The Third Department concluded that the plaintiffs could not maintain a private action for a public nuisance (see id. at 17).
In sum, applying Copart's descriptive phrase "one person or a relatively few" as a rule limiting a cause of action alleging private nuisance would leave these plaintiffs and, indeed, any other collective of plaintiffs with no remedy at law for an interference with the use and enjoyment of their private land. The sheer number of people affected by a private nuisance does not serve as a bar to maintaining a cause of action alleging private nuisance for one or any number of plaintiffs. A cause of action alleging private nuisance that affects the use and enjoyment of private land belongs to each individual land owner. The mere fact that a collective of individuals joins together to protect their similarly impacted right to the use and enjoyment of their private property does not cause a private nuisance cause of action to convert to a public nuisance cause of action just based on the number of individuals. Courts have rejected the conflation of public and private nuisance for decades, from People v Brooklyn & Queens Tr. Corp. (283 NY 484) to Davies v S.A. Dunn & Co., LLC (200 AD3d 8). While damages may differ, as long as the plaintiffs have suffered an injury based on an interference with the private use and enjoyment of their land, a cause of action alleging private nuisance exists. Further, it is well settled that "the amount of damages suffered by each class member typically varies from individual to individual, but that fact will not prevent [a class action] from going forward" (DeLuca v Tonawanda Coke Corp., 134 AD3d 1534, 1536 [internal quotation marks omitted]; see Burdick v Tonoga, Inc., 179 AD3d 53).
Accordingly, the Supreme Court properly denied that branch of the defendant's cross-motion which was for summary judgment dismissing the cause of action alleging private nuisance.
C. The Motion for Class Certification
Based on this Court's conclusion concerning the ability of the plaintiffs to maintain a private nuisance cause of action, and contrary to the defendant's contention, for the reasons set forth above, the Supreme Court providently exercised its discretion in granting the plaintiffs' motion for class certification. The "questions of law or fact common to the class predominate over any question affecting only individual members" (Jenack v Goshen Operations, LLC, 222 AD3d 36, 41 [internal quotation marks omitted]), and the evidentiary basis proffered by the plaintiffs was properly accepted by the Supreme Court. "[I]nquiry on a motion for class certification vis-a-vis the merits is limited to a determination as to whether on the surface there appears to be a cause of action which is not a sham" (id. [internal quotation marks omitted]).
Contrary to the defendant's contentions, the Supreme Court did not err in declining to strike certain exhibits and evidence submitted by the plaintiffs at this stage of the proceedings. However, the Supreme Court providently exercised its discretion in granting the plaintiffs' cross-[*7]motion, in effect, to strike the defendant's exhibit R at this time. Exhibit R had no relevance to the instant motion for class certification or cross-motion for summary judgment.III. Conclusion
Accordingly, the order is modified, on the law, by deleting the provision thereof denying that branch of the defendant's cross-motion which was for summary judgment dismissing the cause of action alleging negligence, and substituting therefor a provision granting that branch of the cross-motion; as so modified, the order is affirmed insofar as appealed from.
IANNACCI, J.P., and MILLER, J., concur.
ORDERED that order is modified, on the law, by deleting the provision thereof denying that branch of the defendant's cross-motion which was for summary judgment dismissing the cause of action alleging negligence, and substituting therefor a provision granting that branch of the cross-motion; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiffs.
GOLIA, J., concurs in part and dissents in part, and votes to modify the order, on the law, (1) by deleting the provision thereof denying those branches of the defendant's cross-motion which were for summary judgment dismissing the causes of action alleging negligence and private nuisance, and substituting therefor a provision granting those branches of the cross-motion, (2) by deleting the provision thereof granting the plaintiffs' motion for class certification, and substituting therefor a provision denying the motion as academic, and (3) by deleting the provision thereof granting the plaintiffs' cross-motion, in effect, to strike a certain exhibit submitted by the defendant in opposition to the plaintiffs' motion for class certification, and substituting therefor a provision denying the cross-motion as academic, and, as so modified, to affirm the order insofar as appealed from, with the following memorandum:
I concur with my colleagues in the majority as to the dismissal of the cause of action sounding in negligence and agree with the majority opinion insofar as it addresses the premises of law underlying a sufficiently pleaded cause of action alleging private nuisance, but I respectfully dissent from the position of my colleagues in the majority that the plaintiffs here sufficiently alleged a cause of action sounding in private nuisance and would instead find that the cause of action sounding in private nuisance as it was pleaded must be dismissed, thereby rendering the plaintiffs' motion for class certification academic.
The plaintiffs commenced this action on behalf of themselves and all others similarly situated. In defining their class, the plaintiffs sought to represent "[a]ny and all individuals who owned or occupied residential property at any time beginning in 2015 to present that are located within the area . . . specifically identified as . . . [o]ne and one-half (1.5) miles to the Northern, Northwestern, Western, Southwestern, and Southern directions of the property line boundary of Defendant's Facility." The plaintiffs alleged that "more [than] 195 households have already contacted Plaintiffs' counsel to document their experiences with odors they attribute to Defendant's facility. Further, it is Plaintiffs' counsel's information and belief that there is in excess of three thousand (3,000) households in a 1.5-mile radius that are being impacted." In the complaint, the plaintiffs alleged that the defendant's "manufacturing methods . . . have caused noxious odors to be emitted from its facility and invade the residences of the adjacent community." The plaintiffs asserted causes of action sounding in private nuisance, public nuisance, and negligence. As for the nuisance causes of action, the plaintiffs alleged that the noxious odors emitted by the defendant's facility entered their property and "obstruct[ed] the free use of their property so as to substantially and unreasonably interfere with the comfortable enjoyment of life and property" and that the invasion of these noxious odors in the plaintiffs' homes violated their private interests, namely, the use and enjoyment of their properties and decreased property values.
Before the Court of Appeals' decision in Copart Indus. v Consolidated Edison Co. of N.Y. (41 NY2d 564), which is discussed below, the Court of Appeals rendered its decision in People v Brooklyn & Queens Tr. Corp. (283 NY 484, 490), a criminal case, wherein it discussed a public versus a private nuisance. In that case, the Court of Appeals addressed the question of whether the defendant railroad corporation violated former Penal Law § 1530 in maintaining a public nuisance (see People v Brooklyn & Queens Tr. Corp., 283 NY at 490). In affirming this Court's vacatur of the jury verdict and dismissal of the indictment (see People v Brooklyn & Queens Tr. Corp., 258 App Div 753), the Court of Appeals determined that what was truly alleged was a private nuisance, rather than a public nuisance (see People v Brooklyn & Queens Tr. Corp., 283 NY at 490-[*8]491). When defining a public nuisance, the Court of Appeals stated that the alleged harm must affect a "considerable number of persons," which is "[e]nough that so many are touched by the offense and in ways so indiscriminate and general that the multiplied annoyance may not unreasonably be classified as a wrong to the community" (id.). In so finding, the Court of Appeals astutely recognized that, in the context of determining whether a nuisance is private or public, and depending on the harm alleged, some individuals are affected by the alleged harm differently depending upon where they were situated in relation to the offending matter, in that case, the railway line (see id. at 491). Specifically, the Court of Appeals determined that "noise at one end of the right-of-way would not disturb persons living near the other end, almost a mile away. Each person suffers annoyance or injury only by what occurs in immediate proximity to his [or her] own home" (id.). It therefore appears that the number of persons affected is but just one facet that must be contemplated when evaluating whether an alleged harm is a public or private nuisance, with the Court of Appeals further opining that a public nuisance "is the nuisance whereby a public right or privilege common to every person in the community is interrupted or interfered with" (id. [internal quotation marks omitted]). Thus, I submit that the number of people affected by the alleged harm was considered, in addition to where they are located and how their geographic location may affect the harm alleged to be suffered, when determining whether the nuisance was public or private.
Turning to Copart Indus. v Consolidated Edison Co. of N.Y. (41 NY2d 564), as artfully noted by my colleagues in the majority, the Court of Appeals set forth the distinct identity afforded to a private nuisance. At issue in Copart was whether the Supreme Court properly charged the jury therein as to the elements of a cause of action sounding in nuisance (see id. at 566). When discussing the difference between the two causes of action, the Court of Appeals specifically stated that a private nuisance "is actionable by the individual person or persons whose rights have been disturbed" (id. at 568) and that "[t]he elements of such a private nuisance . . . are: (1) an interference substantial in nature, (2) intentional in origin, (3) unreasonable in character, (4) with a person's property right to use and enjoy land, (5) caused by another's conduct in acting or failure to act" (id. at 570 [emphasis added]). The Court of Appeals went on to say that "[a] private nuisance threatens one person or a relatively few, an essential feature being an interference with the use or enjoyment of land," and in doing so, seemingly supplemented that definition (id. at 568 [citation omitted]).
I respectfully submit that this language carefully crafted by the Court of Appeals is not without meaning, but rather was specifically chosen to illustrate the difference between a public and private nuisance, one distinction being that a private nuisance may only be asserted by a relatively few, and this limitation must be contemplated when considering whether a cause of action sounding in private nuisance has been sufficiently alleged. What a "relatively few" means, in my view and under the backdrop of Copart, is a question that needs to be considered on a case-by-case basis, bearing in mind all of the facts alleged in the complaint. Indeed, the Court of Appeals specifically chose to qualify "few" with the word "relatively," thereby inherently requiring consideration of the various factors presented in each distinct case, for example, not only the number of plaintiffs, but also the nature of the harm alleged and the geographic location of the plaintiffs in relation to the alleged harm, among other things (see People v Brooklyn & Queens Tr. Corp., 283 NY at 490-491).
While this Court has repeatedly opined on the elements of a private nuisance cause of action, the specific question of whether such a cause of action is limited to "one person or a relatively few" has never been squarely before this Court as far as can be discerned (see e.g. Shuaiyu Li v O'Leary, 241 AD3d 846 [individual plaintiff]; Huang v Fort Greene Partnership Homes Condominium, 228 AD3d 912 [plaintiffs were owners of a parcel of property]; Del Vecchio v Gangi, 225 AD3d 666 [individual plaintiff]; Harris v Miranda, 219 AD3d 1498 [individual plaintiff]; Westbury Recycling, Inc. v Westbury Transfer & Recycling, LLC, 209 AD3d 929 [plaintiffs were owners of a waste transfer facility]; Members of the Dekalb Ave. Condominium Assn. v Klein, 172 AD3d 1196 [one discreet plaintiff]; Sullivan v Keyspan Corp., 155 AD3d 804 [plaintiffs were more than 100 homeowners, finding that the Supreme Court improperly dismissed the private nuisance cause of action because there was an issue of fact as to whether the continuing harm exception to the statute of limitations applied, without reaching the question of whether the plaintiffs were "relatively few"]; Pertoso v Hanna, 103 AD3d 698 [individual plaintiff]; Broxmeyer v Untied Capital Corp., 79 AD3d 780 [individual plaintiff]; Benjamin v Nelstad Materials Corp., 214 AD2d 632 [plaintiffs were residents of a community, nuisance cause of action failed for other reasons]; Queens County Bus. Alliance v New York Racing Assn., 98 AD2d 743 [plaintiffs failed to allege interference with [*9]use or enjoyment of land]).
As correctly pointed out by my colleagues in the majority, these cases do not necessarily limit the number of plaintiffs asserting a private nuisance cause of action, and I generally agree that private nuisance causes of action are not exclusively limited to only a few plaintiffs. However, in none of these cases did this Court consider whether the number of plaintiffs, to the extent there was more than one plaintiff, constituted a relatively few under Copart.
Moreover, other state and federal courts have consistently relied on and considered the "one person or a relatively few" language in Copart when determining whether a cause of action alleging private nuisance has been sufficiently pleaded. For example, federal courts, while interpreting New York law as it relates to this issue, have included the "relatively few" language set forth in Copart when reaching their determinations (see Scribner v Summers, 84 F3d 554, 559 [2d Cir] [two plaintiffs, finding that the plaintiffs sufficiently proved a cause of action sounding in private nuisance]; Jefferson Park Assoc., L.P. v Qualitrol Co. LLC, 2025 WL 2691092, 2025 US Dist LEXIS 185929 [WD NY, No. 6:24-CV-06439 EAW] [finding that the fact that an individual plaintiff's property contained more than 60 units did not mandate dismissal of a private nuisance cause of action]; South Buffalo Dev., LLC v PVS Chem. Solutions, Inc., 675 F Supp 3d 320, 327 [WD NY] [finding that cause of action alleging private nuisance was sufficiently alleged by a "relatively small number of plaintiffs" where the plaintiff alleged that odors were drifting onto 10 properties it owned (internal quotation marks omitted)]; see also Quattlander v Ray, 2021 WL 5043004, 2021 US Dist LEXIS 209442 [SD NY, No. 18-CV-3229 (CS)] [citing to language in Copart but dismissing private nuisance cause of action for other reasons]; Baker v Saint-Gobain Performance Plastics Corp., 232 F Supp 3d 233, 247-248 [ND NY] [finding that certain plaintiffs failed to state a cause of action alleging private nuisance because they alleged a widespread injury with a common harm suffered by thousands of residents]). Similarly, the Appellate Division, First and Fourth Departments, have dismissed causes of action sounding in private nuisance wherein that cause of action did not affect "one person or a relatively few" (see William Metrose Ltd. Bldr./Dev. v Waste Mgt. of N.Y., LLC, 225 AD3d 1223, 1224 [4th Dept], lv granted 42 NY3d 912; Cedar & Wash. Assoc., LLC v Bovis Lend Lease LMB, Inc., 95 AD3d 448, 449 [1st Dept]). Likewise, the Appellate Division, Third Department, specifically relied on the "one person or . . . relatively few" language in Copart when analyzing the difference between a private nuisance and a public nuisance (see Davies v S.A. Dunn & Co., LLC, 200 AD3d 8, 11, 16 [3d Dept]). While the private nuisance cause of action survived scrutiny in some cases and was dismissed in others, what these cases have in common is that, in making these determinations, they all inherently relied on the "relatively few" language from Copart in their respective analyses of the private nuisance cause of action at issue. Despite the fact that Copart and its progeny have not defined what constitutes a "relatively few," I submit that, as noted above, such determination is dependent upon the facts of every pleading.
Accordingly, while I agree with my colleagues in the majority that a cause of action sounding in private nuisance is not strictly limited to a "few," here, as pleaded, the number of people allegedly impacted by the defendant's conduct is not just 3,000 households, which I submit is not necessarily prohibitive, but rather includes households in a 1.5-mile radius in multiple directions from the defendant's facility alleged to have been harmed by the noxious odors. Additionally, the harm alleged to have been suffered by the plaintiffs and those similarly situated is limited in the complaint to the loss of the use and enjoyment of the plaintiffs' properties and diminution of their property values, and does not include physical harm to those properties or to the plaintiffs themselves. Consequently, the impact of the nuisance alleged and the resulting potential damages are contingent upon the distance from the facility, as those plaintiffs located further away from the facility would be affected differently than those in the immediate vicinity of the facility, and, in this instance, the weather,[FN1] topography of the area, and the individual sensitivities of those households, among other factors. Moreover, in casting such a wide net of 1.5 miles, the private nuisance loses [*10]its distinctive identity and instead begins to resemble a public nuisance [FN2]. Thus, under the circumstances of this case, in contemplating whether the plaintiffs have sufficiently stated a cause of action alleging private nuisance, it is my view that the alleged 3,000 households within a radius of 1.5 miles from the facility harmed by the defendant's conduct fall outside the "relatively few" parameter discussed in Copart, and accordingly, the cause of action alleging private nuisance must also be dismissed (see William Metrose Ltd. Bldr./Dev. v Waste Mgt. of N.Y., LLC, 225 AD3d at 1224; Cedar & Wash. Assoc., LLC v Bovis Lend Lease LMB, Inc., 95 AD3d 448, 449). Thus, the Supreme Court should have granted that branch of the defendant's cross-motion which was for summary judgment dismissing the cause of action alleging private nuisance.
Accordingly, I vote to modify the order (1) by deleting the provision thereof denying those branches of the defendant's cross-motion which were for summary judgment dismissing the causes of action alleging negligence and private nuisance, and substituting therefor a provision granting those branches of the cross-motion, (2) by deleting the provision thereof granting the plaintiffs' motion for class certification, and substituting therefor a provision denying the motion as academic, and (3) by deleting the provision thereof granting the plaintiffs' cross-motion, in effect, to strike the defendant's exhibit R, and substituting therefor a provision denying the cross-motion as academic, and, as so modified, to affirm the order insofar as appealed from.
ENTER:
Darrell M. Joseph
Clerk of the Court

Footnotes

Footnote 1: Indeed, the effect of the alleged noxious odors would depend on the weather, which would include the temperature, the humidity, and which way the wind is blowing on any particular day, if at all.

Footnote 2: While not pleaded in the complaint, in the surveys and affidavits submitted during the motion practice before the Supreme Court, it is clear that there are additional allegations of harm to the community at large, such as to walking trails and sports fields, as a result of the noxious odors.